UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                         Case No. 07-CR-112

MAYNENG XIONG,
PAO XIONG,
and XEE VUE,

        Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS**

On May 8, 2007, a grand jury sitting in Milwaukee returned a five-count indictment against defendants Mayneng Xiong, Pao Xiong, and Xee Vue. All three defendants are charged in Count One with conspiracy to commit arson and mail fraud in violation of 18 U.S.C. §§ 371 and 2. Defendants Mayneng Xiong and Pao Xiong, Mayneng's son, are charged in Count Two with arson in violation of 18 U.S.C. §§ 844(i) and 2, and in Count Three with mail fraud in violation of 18 U.S.C. § 1341 and 2. Defendant Xee Vue is charged in Count Four with being an accessory after the fact in violation of 18 U.S.C. § 3, and in Count Five, Pao Xiong is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 2. The charges arose out of the investigation of a fire at TMX Mays Supermarket, a grocery store located in downtown Green Bay that was owned by Mayneng Xiong. All three defendants entered pleas of not guilty, and the case was referred to the assigned magistrate judge for pretrial motions in accordance with the normal practice in this district.

Defendants Mayneng Xiong and Pao Xiong filed several pretrial motions. Both moved to suppress evidence obtained as a result of the search of their home at 310 David Street, Green Bay, Wisconsin on the ground that (1) the warrant does not describe the place to be searched with sufficient particularity; and (2) the affidavit in support of the warrant application fails to establish probable cause. The defendants also sought suppression of evidence obtained from both the search of their home and the search of the Dodge van registered to defendant Mayneng Xiong on the ground that the warrants authorizing the searches and the affidavits submitted in support of the issuance of the warrants are identical and thus violate the Fourth Amendment's particularity requirement. In addition, both defendants moved to strike surplusage from the indictment. Defendant Pao Xiong also moved for a pretrial determination of the admissibility of alleged co-conspirators' statements, to sever Count Five of the indictment, and to sever defendants.

On September 14, 2007, Magistrate Judge Patricia Gorence issued a thorough decision recommending that this court deny the motions to suppress evidence obtained as a result of the search of the David Street home and the Dodge van. Magistrate Judge Gorence also recommended that the defendants' motion to strike surplusage from the indictment be granted in part and denied in part. With respect to the motions on which a magistrate judge is authorized to rule, the Magistrate Judge denied Pao Xiong's motion for a pretrial determination as to the admissibility of certain statements and his motion to sever defendants, but granted his motion to sever Count Five, in which he was charged with possession of a firearm by a felon.

The defendants filed timely objections to the Magistrate Judge's recommendation that their motions to suppress be denied. Defendant Pao Xiong also filed objections to the Magistrate Judge's orders denying his motion for a pretrial determination of the admissibility of certain statements and

his motion to sever defendants. The government opposes the objections of the defendants, but has filed no objections of its own. Having considered the positions of the parties, I now adopt Magistrate Judge Gorence's recommendation that the motions to suppress be denied. I also adopt the Magistrate Judge's recommendation to grant in part and deny in part the motion to strike surplusage from the indictment and overrule defendant Pao Xiong's objections to the Magistrate Judge's denials of his other motions. I write separately only to expand on the reasons for denying the various challenges to the search warrants issued in the course of the investigation.

## MOTIONS TO SUPPRESS

**1. Facial Invalidity**

Defendants Mayneng and Pao Xiong first moved to suppress evidence obtained from the search of their home on the ground that the warrant failed to describe with particularity the place to be searched. Although the warrant contained the street address and a description of the residence to be searched, defendants claim the warrant was defective because it did not include in the description of the place to be searched the fact that the home was owned or occupied by the defendants. Defendants argued that under the Court's reasoning in *Groh v. Ramirez*, 540 U.S. 551 (2004), the failure to include this information rendered the warrant facially defective.

The Fourth Amendment explicitly commands that no warrants shall issue except those "particularly describing the place to be searched." U.S. Const. amend. IV. A warrant meets this requirement if "the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). There is no requirement that the description include information as to who owns or occupies the

3

premises unless such information is needed to identify it. In some cases, police may not even know who occupies a residence they seek to enter. In fact, it appears that in this case the assigned detective was unaware that defendant Pao Xiong resided in the same house as his mother at the time the warrant was requested.

In my view, the Magistrate Judge correctly concluded that the description of the premises to be searched was sufficient even though it did not include the names of the owners or occupants of the premises. There is no suggestion that either the street address or the physical description of the residence was in error. Defendants' argument seems to be that in addition to this information, the warrant, to be valid, was required to identify the owners or occupants of the premises. Neither logic, nor the law, supports their position. An accurate street address is by itself sufficient to allow a reasonable person to "ascertain and identify the place intended." *Id.* Here, the warrant included in addition to an accurate street address, a physical description of the premises. Defendants have offered no explanation of why this was not sufficient.

*Groh v. Ramirez* is inapposite. The warrant in that case was challenged on the ground that it did not meet the additional Fourth Amendment requirement that a warrant also describe with particularity the items to be seized. In fact, in *Groh* the challenged warrant contained no description of the items to be seized. Although a description of the items to be seized was contained in the affidavit submitted in support of the warrant application, the Court held that the failure to include the description in the warrant rendered it "plainly invalid." 540 U.S. at 557. Thus, *Groh* stands for the proposition that a facial defect in a warrant cannot be cured by reference to the affidavit or other documentation submitted in support of the application. It has no application to defendants' motion challenging the description of the place to be searched since the description in the warrant is clearly sufficient. The Magistrate Judge correctly rejected the defendants' facial challenge to the warrant.

4

**2. Probable Cause**

The defendants also claim that the warrant is invalid because the affidavit on which it was issued failed to set forth sufficient facts to establish probable cause for the search of their home. Defendants acknowledge that the affidavit establishes probable cause to believe that Mayneng Xiong started her store on fire and that she lived at the David Street residence described in the warrant. They contend, however, that none of the information provided in the affidavit supports the conclusion that evidence of the alleged arson would be found in the defendants' home.

The task of a magistrate presented with an application for a search warrant is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). And the duty of a court called upon to review the magistrate's determination "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* at 238-39. Applying this standard to the facts of this case, the Magistrate Judge concluded that the affidavit provided a substantial basis for concluding that probable cause existed. I agree with the Magistrate Judge's analysis.

The affidavit of Glenn Deviley, a detective with the Green Bay Police Department assigned to the Brown County Fire Investigation Task Force, states that a Green Bay police officer discovered a fire at Mayneng Xiong's store in the early morning hours of January 8, 2006, while on routine patrol. After the fire was extinguished, investigators found paper toweling that had been unrolled and laid along the floor and over the counter in a manner that, based on their training and experience, they knew would serve as a "trailer" allowing the fire to move from one section of the store to another. The investigators also found three red plastic gasoline containers and saw wood

5

pallets stacked in an unusual manner against the walls and on top of cardboard boxes and video shelves. There was a strong odor of gasoline and, in addition, they recovered ten empty bottles of 70 % Isopropyl alcohol, an extremely flammable substance, on and among wood pallets and shelves in the storage area of the store. An employee stated he had locked the doors when he left the store at 8:15 p.m. the previous evening, but firefighters found no sign of a forced entry. Although a burglar alarm had been installed after a previous burglary, it was not armed at the time of the fire and had not been armed since January 2, 2006.

In the days that followed, Special Agent Rick Hankins of the Bureau of Alcohol, Tobacco, Firearms and Explosives, traced bar code and lot numbers of the empty Isopropyl bottles to a Green Bay Wal Mart, and store records showed a sale of twelve bottles and first aid supplies at 8:48 p.m. on January 7, 2006, a time at which Mayneng Xiong told investigators she had been at a relative's party. Yet, Wal Mart Loss Prevention Associate Kenneth Remington identified defendant Mayneng Xiong from video footage taken by the store's security cameras as the purchaser. The video footage and also revealed the same person getting into a white van outside. Wisconsin Department of Transportation records revealed that Mayneng Xiong owned a white 1998 Dodge van which investigators had observed her driving in the days after the fire. Detective Deviley further noted in his affidavit that a property claims adjuster for Society Insurance Company informed law enforcement that Mayneng Xiong maintained property insurance with their company and had initiated the filing of a claim for the loss sustained in the fire. Finally, Detective Deviley noted that information regarding methods of setting fires can be found on the internet at various web sites and by examining an individual's computer and accessories, forensic investigators are able to determine whether the computer has been used to access that information.

6

Based on this information, Detective Deviley requested two separate warrants to search Mayneng Xiong's home and van and seize a wide variety of items, including financial records related to TMX Mays Supermarket, computers and any and all accessories and software, printed material which may have been obtained from the internet or other sources, records showing ownership or occupancy of the premises, ignitable liquids and/or residue, Isopropyl alcohol bottles, containers for flammable liquids, first aid supplies, receipts for purchases of ignitable liquids and/or gasoline, engine oil, clothing, inventory records for TMX Mays Supermarket, business records related to TMX Mays Supermarket, personal financial records of Mayneng Xiong, and inventory from TMX Mays Supermarket. Despite the general description of many of the items to be seized, the defendants have not challenged the warrant on that basis. Nor do they argue that the warrant is insufficient as to any of the particular items that are listed so that those items would be subject to suppression. *See United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) ("[I]nfirmity due to overbreadth does not doom the entire warrant; rather, it 'requires the suppression of evidence seized pursuant to that part of the warrant . . . , but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized-on plain view grounds, for example-during their execution.'" (*quoting United States v. Brown*, 984 F.2d 1074, 1077 (10th Cir.1993)). Instead, defendants argue that the warrant as a whole is invalid because the affidavit does not establish a nexus between the crime under investigation and their home.

In support of this argument, the defendants point out that the affidavit did not contain any direct evidence that the evidence sought would be found in Mayneng Xiong's home. But as the Magistrate Judge explained, direct evidence is not required to establish probable cause. *See United States v. Anderson*, 450 F.3d 294, 303 (7th Cir. 2006) ("Probable cause does not require direct

7

evidence linking a crime to a particular place."). A magistrate or judge is entitled to draw reasonable inferences about where evidence is likely to be found given "the nature of the evidence and the type of offense." *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir.1991). And in making a probable cause determination, the issuing magistrate "need not determine that the evidence sought is in fact on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place. . . . [He] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Malin*, 908 F.2d 163, 166 (7th Cir.), *cert. denied*, 498 U.S. 991 (1990) (*quoting United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir.), *cert. denied*, 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 114 (1985)).

In this case, it was reasonable to infer that evidence of the arson would be found in Mayneng Xiong's home based on her connection with that place and the nature and circumstances of the crime. Recall that only ten of the twelve bottles of Isoprohyl alcohol purchased at Wal Mart had been recovered at the scene of the fire. Three plastic gasoline containers were also found. Recovery of the remaining two bottles of Isopropyl alcohol, the first aid supplies purchased at the same time, and the receipt showing the purchase of these items in Mayneng Xiong's home would have corroborated Remington's identification of her as the person who purchased those items at Wal Mart hours before the fire was discovered and at the same time she claimed to have been at a party, thereby linking her to its cause. And because the motive for arson of one's own business is almost always financial desperation (otherwise, the owner sells or continues to operate the business), there was probable cause to believe the business records of the store and the personal financial records of Mayneng Xiong, would have constituted evidence of the suspected arson as well. *See State v. Marks*, 59 P.3d 369, 373-74 (Mont. 2002) ("Similarly, a common sense review

8

establishes a fair probability that the items sought in Detective Richardson's warrant application are connected to the crime of arson. For instance, insurance and financial documents tend to establish whether or not an individual had a motive to commit arson."); *but see United States v. Merritt*, 361 F.3d 1005, 1011 (7th Cir. 2004), *judgment vacated on other grounds*, 543 U.S. 1099 (2005) (noting district court's holding, conceded by government on appeal, that since affidavit included no information indicating that the financial records sought would reveal a motive for the Merritts to commit arson, the warrant affidavit failed to allege probable cause).

In concluding that probable cause was shown for the search of Mayneng Xiong's home, the Magistrate Judge relied on the Seventh Circuit's statement in *Malin* that it is enough if the magistrate concludes that "it would be reasonable to seek the evidence in the place indicated in the affidavit." (Recommendation at 6 (*quoting Malin,* 908 F.2d at 166)). She also cited *United States v. Sleet*, 54 F.3d 303, 306-07 (7th Cir. 1995), in which the Court reaffirmed *Malin*. Finding it reasonable to infer that the items described in the warrant would likely be found in Xiong's home, the Magistrate Judge concluded that a substantial basis for issuance of the warrant had been shown. Alternatively, the Magistrate Judge concluded that even if the affidavit was lacking, the defendants' motion to suppress should nevertheless be denied under *United States v. Leon*, 468 U.S. 897 (1984), because the law enforcement officers executing the warrant had acted in good faith reliance on the issuing magistrate's determination of probable cause.

In their objections to her recommendation, the defendants contend that the Magistrate Judge erred in her reliance on *Malin* and *Sleet* because they are factually distinguishable from the instant case. In *Malin*, the Court affirmed the district court's determination that a search warrant affidavit established a sufficient nexus between six marijuana plants observed in the backyard and the house

9

named in the warrant to justify a search of the house, notwithstanding the affidavit's failure to cite evidence that the marijuana appeared to have been cultivated. Although the affidavit did not directly link the marijuana to the house, the Court concluded that the "observation of marijuana growing in Malin's yard reasonably yielded the conclusion that marijuana or other evidence of marijuana possession would be found in Malin's house." 908 F.2d at 166. "At worst," the Court stated, "this is a 'doubtful case' that 'should be resolved in favor of upholding the warrant.'" *Id.* (*quoting United States v.* Rambis, 686 F.2d 620, 622 (7th Cir. 1982)). Moreover, even if the warrant was invalid, the Court noted that the search would nevertheless have been upheld under *Leon's* good faith exception. *Id.*

*Sleet* involved the validity of a search pursuant to a warrant of the defendant's apartment for evidence of a robbery of one bank after he had been arrested at a different apartment complex for robbing a separate bank approximately a month later. The warrant affidavit recounted that the defendant lived alone in an apartment complex less than a half-mile away from the scene of the first robbery, the defendant matched the description given by witnesses, and the witnesses said they saw the perpetrator flee toward the apartment complex in which the defendant lived. In addition, the *modus operandi* in both robberies was similar. The defendant moved to suppress evidence obtained in the search on the ground that probable cause had not been established. The district court denied the defendant's motion, and the Seventh Circuit affirmed, concluding that the evidence that the defendant committed both robberies made it reasonable to seek items related to the first robbery in his apartment. 54 F.3d at 306.

The defendants argue that this case is unlike both *Malin* and *Sleet* in that in both of those cases, the home was in some way linked to the crime police were investigating. In *Malin*, the

10

marijuana was observed growing in the backyard to the home, and in *Sleet* the defendant's apartment was nearby and witnesses had seen the robber flee in that direction after the first robbery. Since the crime was in some way linked to the home, probable cause for the search of the home was present. This case, the defendants argue, is more like *United States v. Dickerson*, 975 F.2d 1245 (7th Cir. 1992). In *Dickerson* the Court suggested that probable cause to search the defendant's home was lacking where the warrant affidavit recited only that the witness to a bank robbery had seen the robber run from the bank to a car registered to the defendant at that address. Stating that it was "doubtful" that the affidavit established probable cause to search the house, the *Dickerson* Court nevertheless concluded that the evidence found during the search pursuant to the warrant was saved under *Leon's* good-faith exception to the exclusionary rule. 975 F.2d at 1250. Defendants argue that in this case, like *Dickerson* and unlike *Malin* and *Sleet*, there is no link between the alleged crime, i.e., the arson of the grocery store, and the home that was searched.

I see no error in the Magistrate Judge's conclusion that *Dickerson* was not controlling on the issue of whether probable cause was established in this case. First of all, *Dickerson* only found probable cause "doubtful" under the circumstances of that case; there was no need to decide whether probable cause was lacking since the Court concluded that the officers acted in good faith in any event. Second, the only nexus between the car in which the perpetrator fled in *Dickerson* and the house named in the warrant was the registration for the car, and there was no evidence that the car had returned to the residence after the robbery. Here, by contrast, the affidavit states that Mayneng Xiong owns and lives in the David Street residence that was the subject of the warrant, and had apparently returned to her address after the fire and before the warrant was issued. More important, the affidavit discloses a clear link between the crime and the David Street residence. That link is

11

Mayneng Xiong. The affidavit establishes probable cause to believe that she was at least complicit in the arson and that she owned and lived in the home for which the warrant was issued. A reasonable inference thus arises that at least some of the evidence police sought would be in her home. It was certainly reasonable to infer that the remaining two bottles of Isoprophyl alcohol, the first aid supplies purchased at the same time and the Wal Mart receipt would be found in her home. Where else, other than her home or van, would she have kept such items? And financial records, to the extent not destroyed in the fire also would most likely be found in her home. *See United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006) ("One does not need Supreme Court precedent to support the simple fact that records of illegal business activity are usually kept at either a business location or at the defendant's home. Likewise, personal financial records are also usually stored at a person's home or place of business.").

      For these reasons, in addition to those set forth in her decision, I adopt the Magistrate Judge's recommendation that the defendants' motion to suppress on the ground that the affidavit failed to establish probable cause for the search of the residence should be denied. While the affidavit is not a model of clarity, I conclude that it sets forth sufficient information to establish the required nexus between the crime under investigation, evidence of that crime, and the place for which the warrant was sought. I thus conclude that the issuing magistrate had a substantial basis for finding that probable cause was shown. This does not mean, however, that all of the items listed in the warrant were described with the requisite degree of specificity or that the affidavit set forth sufficient facts to justify their seizure. I do not perceive these issues as having been raised and thus do not reach them. *See Sleet*, 54 F.3d at 307 n.1.

12

Finally, I also agree with the Magistrate Judge that even if the affidavit failed to establish probable cause, the good faith exception to the exclusionary rule set for in *Leon* would certainly apply under the circumstances presented here, as *Malin*, *Sleet* and *Dickerson* plainly indicate. Accordingly, and for this reason as well, defendants' motion to suppress on the ground that probable cause was lacking is denied.

**3. Identical Search Warrants for Residence and Van**

Defendants Mayneng and Pao Xiong also challenge the search of their home on the ground that the warrant authorizing the search and its supporting affidavit are identical to the warrant and supporting affidavit for the search of Mayneng Xiong's Dodge van. Based on the Fourth Amendment's requirement that a warrant particularly describe the place to be searched, the defendants offer the somewhat unique argument that the investigating officer's use of identical warrants and affidavits to conduct two separate searches renders both invalid. On this basis, both defendants seek suppression of evidence obtained from the search of their home and Mayneng Xiong additionally seeks suppression of evidence obtained from the search of her van. As to the search of the Dodge van, Pao Xiong lacks standing since he was neither the owner, nor driver, at the time of the search. *See United States v. Jackson*, 189 F.3d 502, 508 (7th Cir. 1999) ("With respect to searches of automobiles, in order for a defendant to establish that he has standing to claim that his Fourth Amendment rights were violated, he must demonstrate that he had a legitimate expectation of privacy in the vehicle he was driving at the time of the search.")

As support for this argument, the defendants cite *United States v. Nafzger*, 965 F.2d 213 (7th Cir. 1992). But *Nafzger* says nothing about identical warrants being issued for different places. In *Nafzger*, federal and state law enforcement officers investigating a multistate car-theft ring went to

13

the defendant's dairy farm to execute a search warrant for a specific stolen truck. The search warrant failed to state any "place" to be searched other than the Western District of Wisconsin. The truck described in the warrant was found in a shed on the farm, and the defendant was later charged with possessing a stolen vehicle that had been transported across state lines in violation of 18 U.S.C. § 2313 (1988). On appeal the Seventh Circuit held that the warrant was invalid because it failed to particularly describe the place to be searched and reversed the conviction. The defendants argue by analogy that *Nafzger* renders the warrants in this case invalid because the use of identical warrants for separate locations plainly demonstrates that neither warrant was based on a particularized showing of probable cause.

Like Magistrate Judge Gorence, I find the defendants' argument unconvincing. As Judge Gorence pointed out, it is the supporting affidavits, not the warrants, that are identical. And as Judge Gorence also noted, "[g]iven that both warrants relate to the same investigation – arson at TMX Mays Supermarket – it is neither surprising nor unusual that the supporting affidavits for the search warrants contain virtually identical information." (Recommendation at 11.) Indeed, in similar circumstances, courts have upheld the use of a single warrant to authorize the search of both a residence and associated vehicles. *See United States v. Funderwhite*, 148 F.3d 794 (7th Cir. 1998) (rejecting challenge to warrant that authorized search of both residence and truck located on premises).

As to the specific warrants in this case, each set forth particularized descriptions of what was to be searched. Unlike the warrant in *Nafzger*, the warrant for the defendants' home particularly described the place to be searched. As already noted, the warrant authorizing the search of the defendants' home listed the correct street address and included a physical description of the

14

residence. While it is true that the warrant authorizing the search of the van did not list a particular location, no location need be specified unless, as in *Nafzger*, the intent of law enforcement is to enter upon protected areas to search for the vehicle. Where, as here, the authorization sought is simply to search the vehicle, as opposed to search protected areas for the vehicle, a detailed description of the vehicle is sufficient. 2 LaFave, Wayne R., *Search and Seizure* §4.5(d), at 593 (4th ed. 2004) ("Assuming the description is otherwise sufficient, there is no need for the description to include either the location of the car or the name of the owner."). In this case, the description of the vehicle included the color, model, make, year, license plate number, vehicle identification owner and name and address of registered owner. This was clearly sufficient to allow a reasonable officer to ascertain and identify the vehicle intended.

It is true that both warrants contain the same long list of items to be seized. This, in itself is not a problem. Probable cause may exist to search more than one place for the same evidence. *See United States v. Hillyard*, 677 F.2d 1336, 1339 (9th Cir. 1982) ("Here it was proper for the magistrate to direct a search of both of the locations identified in the affidavit because it was reasonable that the equipment would be found at either or both of the premises."). As already noted, however, the description of a number of the items is quite general and the evidentiary value of several is not easily discernable from the affidavit. It also seems unlikely that many of the items listed would be found in the van. Thus, one or both warrants may not be valid as to some of the items listed. *Greene*, 250 F.3d at 477. But again defendants have not challenged the sufficiency of the warrants as to one or more of the specific items listed; their claim is that probable cause is wholly lacking. I thus conclude that issue is not before me. As to the ground the defendants have asserted– that the warrants are invalid merely because they are similar– I find no support in either

15

logic or law. I therefore adopt the recommendation of the Magistrate Judge and deny this motion also.

## CONCLUSION

**IT IS THEREFORE ORDERED** that defendant Pao Xiong's motions to suppress evidence obtained in the search of 310 David Street (Doc. nos. 38, 39) is **DENIED**; defendant Mayneng Xiong's motion to suppress evidence obtained in the search of 310 David Street (Doc. nos. 45, 46) and the Dodge Van (Doc. no. 46) are **DENIED**; the motions of defendants Mayneng Xiong and Pao Xiong motion to strike surplusage from the indictment (Doc. nos. 41, 44) are **GRANTED IN PART AND DENIED IN PART**; and all objections to the Magistrate Judge's orders on the remaining motions are overruled.

Dated this    26th    day of November, 2007.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge